IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**OCTAVIOUS HODGES**                                                    **PLAINTIFF**
**#2200000361**

**v.**                     **No: 4:25-cv-00212-KGB-PSH**

**DILLION McGEE**                                                        **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Octavious Hodges filed a *pro se* complaint on March 10, 2025, while incarcerated at the Dallas County Detention Center (Doc. No. 2). In an Initial Order for *Pro Se* Prisoner Plaintiffs (Doc. No. 3), Hodges was notified of his obligation to comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas, including Local Rule 5.5(c)(2). Specifically, he was

notified that it was his duty pursuant to Local Rule 5.5(c)(2) to promptly notify the Clerk and parties to the proceedings of any change of address. He was also notified that failure to respond to any communication from the Court within 30 days may result in recommended dismissal of his case. Doc. No. 3 at 1. He subsequently filed an amended complaint (Doc. No. 4).

On June 2, 2025, mail sent to Hodges at his address of record was returned undeliverable, stating that he was "no longer in this facility." (Doc. No. 10). On June 3, 2025, the Court entered a text order directing Hodges to provide notice of his current mailing address no later than thirty days from the entry of the text order (Doc. No. 11). He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The Court's June 3 order could not be delivered to Hodges because he was "no longer in this facility" and it was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 12.

More than 30 days have passed, and Hodges has not complied with or otherwise responded to the June 3 order. Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte*

a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Hodges's complaint (Doc. No. 2) and amended complaint (Doc. No. 4) be dismissed without prejudice.

DATED this 18th day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE